NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHENGLAN SUN, | No. 16-72330 |
| Petitioner, | Agency No. A201-041-112 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]
Pasadena, California

Before: OWENS and BRESS, Circuit Judges, and FITZWATER,[***] District
Judge.

Shenglan Sun, a citizen of China, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

(IJ) order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] "We review the BIA's findings of fact, including credibility findings, for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Sun's credibility is assessed "[c]onsidering the totality of the circumstances, and all relevant factors," including her demeanor, the "inherent plausibility" of her story, and any inaccuracies or inconsistencies. 8 U.S.C. § 1158(b)(1)(B)(iii). In this case, substantial evidence supports the IJ and BIA's determination that Sun was not credible, and therefore was not entitled to relief.

As an initial matter, the IJ made "specific, first-hand observations" about noncredible aspects of Sun's demeanor. *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (citation omitted). Among other things, the IJ found that Sun's testimony was scripted and that she hesitated when asked questions outside her written story. We "give special deference to a credibility determination that is based on demeanor" because "the IJ has an opportunity to make a first-person evaluation of all of the subtly conveyed factors that, together, can be evidence of a petitioner's

---

[1] In her opening brief, Sun disclaimed any challenge to the denial of CAT relief, and that issue is therefore waived.

credibility." *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005).

The BIA and IJ also identified numerous material inconsistencies in Sun's testimony. *See, e.g.*, *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination." (internal quotation marks and citation omitted)), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021) (en banc); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, the IJ observed that Sun's testimony regarding her church attendance was inconsistent with the letter Sun provided from her church's pastor. The IJ also found that the circumstances surrounding Sun's passport renewal were inconsistent with her testimony regarding her motivation for fleeing China. Sun fails to challenge the BIA's reliance on these findings, which support the agency's adverse credibility determination.

While Sun does challenge other inconsistencies on which the IJ and BIA relied, those too are supported by substantial evidence. Specifically, the BIA could rely on the fact that Sun gave inconsistent statements concerning whether she gave information to the police while she was interrogated; whether anyone in her family besides her aunt is Christian; and whether police looked for her at her parents' home in China. The BIA could regard these inconsistencies as material to Sun's account of persecution. And regardless, "even minor inconsistencies" may have a

"legitimate impact . . . on credibility." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

Sun fairly argues that substantial evidence may not support the BIA's specific finding regarding the circumstances surrounding her previous visa application. But given the numerous aspects of the adverse credibility determination that are amply supported, this does not provide a basis for relief. *See Alam*, 11 F.4th at 1137 (explaining that there "is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination").

Accordingly, absent credible testimony, substantial evidence supports the denial of asylum and withholding of removal.

**PETITION DENIED.**

4